NOT FOR PUBLICATION                              (Docket No. 9, 10, 20, 29, 31)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                          :
DANIEL GALLAGHER,                         :
                                          :
               Plaintiff,                 :        Civil No. 08-3262 (RBK)
                                          :
        v.                                :        **OPINION**
                                          :
ATLANTIC CITY                             :
BOARD OF EDUCATION , et al,               :
                                          :
               Defendants.                :
_____   :

**KUGLER**, United States District Judge:

        Plaintiff Daniel Gallagher ("Plaintiff") instituted this action against the Atlantic City

Board of Education and its various members (collectively, "Defendants") alleging that he was

denied an appointment to the position of Board Attorney in violation of his civil rights and New

Jersey common law.  Defendants now move to dismiss all of Plaintiff's claims, and Plaintiff

moves to amend his Complaint.  Further, Defendants cross-moved to dismiss Plaintiff's

Amended Complaint, were the Court to grant Plaintiff leave to amend.  For the reasons expressed

herein, Plaintiff's motion to amend will be granted; Defendants' motions to dismiss and cross-

motion to dismiss Plaintiff's Amended Complaint will be granted in part and denied in part.

1

I.      **BACKGROUND**[1]

Plaintiff is a practicing attorney in Atlantic City, New Jersey, who sought to be appointed

to the position of Board Attorney for the Atlantic City Board of Education (the "Board").  The

Board is comprised of elected members from Atlantic City, as well as appointed members

representing school districts which send their students to Atlantic City schools ("representatives"

of "sending districts").  The sending district representatives involved as defendants in this case

are "the Brigantine Representative," "the Ventnor Representative," and "the Margate

Representative."  Plaintiff avers that, at a Board meeting on May 26, 2006, he advised the Board

and all its members that New Jersey law prohibited representatives of sending districts from

voting on the appointment of a Board Attorney.  Plaintiff's name was placed into nomination for

a one year contract to serve as Board Attorney.  Board President, Defendant RaShun Stewart,

permitted the sending district members to vote on the question of Plaintiff's appointment.

Plaintiff received votes from "enough members of the Board elected from the City of Atlantic

City to be appointed Board Attorney, if the Board had conducted the vote in accordance with the

said precedents and warnings about the laws regarding the appointment of a Board Attorney," in

other words, prohibiting sending district representatives from voting on the question of Plaintiff's

appointment.

Plaintiff claims that he was entitled to the appointment as Board Attorney, had the Board

followed the law prohibiting sending district representatives from voting on such issues.  He

claims violations of his constitutional rights under the Fourteenth Amendment and 42 U.S.C. §

---

[1]The facts in this section are drawn from the allegations in Plaintiff's Complaint.
Although the Court will consider Plaintiff's motion to amend herein, the relevant facts alleged
are the same in both the Complaint and the proposed Amended Complaint.

1983 and a violation of his rights under New Jersey's Conscientious Employee Protection Act ("CEPA"), N.J. Stat. Ann. 34:19-1 et seq.  Further, Plaintiff demands injunctive relief.

Defendants Atlantic City Board of Education, the Margate Representative, and the Ventnor Representative; Defendant RaShun Stewart; and Defendant the Brigantine Representative separately filed motions to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim.  Plaintiff opposed Defendants' motions, concurrently notifying Defendants that he intended to file a motion to amend his Complaint, which he later did.  Defendants all joined in a brief opposing Plaintiff's motion to amend and also joined in Defendant RaShun Stewart's cross-motion to dismiss Plaintiff's Amended Complaint.

## II.      Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (citation omitted)

## III.      DISCUSSION

A.      **Plaintiff's Motion To Amend**[2]

Plaintiff could have amended his Complaint without the permission of the Court.

Plaintiff, however, moves this Court for leave to amend his Complaint, withdrawing his CEPA

claim and his demand for injunctive relief, the original Counts 3 and 6.  Further, Plaintiff seeks to

recast his Fourteenth Amendment claims that the individual defendants violated his procedural

and substantive due process rights by deeming those claims violations of 42 U.S.C. § 1983,

effectively consolidating the original Counts 1, 2, and 4 into Amended Counts 1 and 2.  Finally,

Plaintiff seeks to add a claim of "Unlawful Interference with Contractual Relations" as Amended

Count 3.  Plaintiff's original Count 5, alleging a violation of 42 U.S.C. § 1983 by the Board, is

merely renumbered as Count 4.

Federal Rule of Civil Procedure 15 allows a plaintiff to amend an originally filed

complaint once, without leave of the court, "at any time before a responsive pleading is served."

At the time Plaintiff filed the motion to amend his original complaint, no responsive pleadings

had been filed, nor have they since.  Because Defendants have yet to file a responsive pleading in

this matter, Federal Rule of Civil Procedure 15(a) permits amendment as of right, without regard

to potential prejudice, delay, or futility of amendment.  See Centifanti v. Nix, 865 F.2d 1422,

1431 n. 9 (3d Cir. 1989) ( "[N]either a motion to dismiss, nor a motion for summary judgment,

constitutes a responsive pleading under Federal Rule of Civil Procedure 15(a).").  Accordingly,

the Court will grant Plaintiff's motion to amend.

---

[2]Plaintiff's brief in support of his motion to amend contains a summary of the proposed
amendments that does not comport with the proposed Amended Complaint attached to the filing.
The Court has gleaned its description of Plaintiff's proposed amendments from its reading of the
proposed Amended Complaint, rather than from the seemingly erroneous description offered in
the brief.

B.      Defendants' Motions to Dismiss

As Plaintiff's motion to amend will be granted, and because three of the four

counts in Plaintiff's Amended Complaint are substantially the same as counts in his original

Complaint, Defendants' motions to dismiss will be construed as motions to dismiss the

Complaint as amended.³  The Court will consider those motions in addition to Defendants' cross-

motion to dismiss, to the extent the latter raises additional relevant grounds for the Court's

consideration of dismissal of the Amended Complaint.

1.      Issues Not Considered With Respect To Defendants' Motions

In granting Plaintiff's motion to amend, the Court effectively dismisses Counts 3 and 6 in

Plaintiff's original Complaint.  The Court consequently will not consider Defendants' motions to

dismiss with respect to those counts.

Defendants Atlantic City Board of Education, the Margate Representative, the Ventnor

Representative, and the Brigantine Representative sent a letter to the Court after filing their initial

motions to dismiss, which purported to supplement their initial filings by informing the Court

that Plaintiff had no property interest in the Board Attorney position at the time of the May 26,

2006 vote because an unwaivable conflict of interest precluded his representation.  Federal Rule

of Civil Procedure 12(b) provides that if, on a motion to dismiss under Rule 12(b)(6), matters

outside the pleading are presented to and not excluded by the court, the motion shall be treated as

one for summary judgment and disposed of as provided in Rule 56.  When a District Court

converts a motion to dismiss, the parties must be afforded a "reasonable opportunity" to present

---

³Although Plaintiff now claims that his Fourteenth Amendment rights were violated
pursuant to 42 U.S.C. § 1983, those claims are substantially the same as his previous Fourteenth
Amendment claims.

the Court with whatever evidence may be relevant to a summary judgment motion.  Fed. R. Civ.

P. 12(b).  To have such an opportunity, the parties must have notice that the motion has been so

converted.  In re Rockefeller Center Properties, Inc. Securitites Litigation, 184 F.3d 280, 287-88

(3d Cir. 1999).

The Defendants do not request that the Court convert their motions to dismiss,

considering them motions for summary judgment.  Moreover, merely providing the evidence they

ask the Court to consider was not sufficient to put Plaintiff on notice that the motion would be

considered as one for summary judgment.  Without Plaintiff having notice of such a conversion,

nor Defendants even requesting that the Court convert their motions, the Court will not consider

the motions to dismiss as summary judgment motions.  Accordingly, and consistent with the

standard of review on a motion to dismiss, the Court will not consider Defendants' evidence of

an alleged conflict of interest.

### 2.        Procedural Due Process

Plaintiff's failure to appoint claim rests on 42 U.S.C. § 1983, and is alleged as a violation

of procedural due process against the individual Defendants and the Board.  "To state a claim

under [42 U.S.C.] § 1983 , a plaintiff must allege the violation of a right secured by the

Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

A plaintiff alleging a violation of procedural due process must first show that he was derived of a

life, liberty, or property interest protected by the Fourteenth Amendment.  Matthews v. Eldridge,

424 U.S. 319, 332 (1976); U.S. Const. amend. XIV.  To have a property interest protected by

procedural due process, the plaintiff "must have more than an abstract need or desire for [the

benefit].  He must have more than a unilateral expectation of it.  He must, instead, have a

legitimate claim of entitlement to it."  Board of Regents v. Roth, 408 U.S. 564, 577 (1972).

Property interests are generally determined and defined by state law.  Id. at 577; Elmore v.

Cleary, 399 F.3d 279, 282 (3d Cir. 2005).

In considering whether a decision not to renew an adjunct faculty appointment gave rise

to a procedural due process claim, another court in this District reasoned that, "in the absence of

a contractual or statutory entitlement, a public employee [in New Jersey] does not have a due

process claim with regard to such employment decisions."  Shovlin v. Univ. of Medicine and

Dentistry of N.J., 50 F. Supp. 2d 297, 316 (D.N.J. 1998).  However, the New Jersey Superior

Court, Appellate Division, recently affirmed a decision of the New Jersey Commissioner of

Education that New Jersey law does not allow sending district representatives to vote on the

appointment of a Board Attorney.  See N.J. Stat. Ann. 18A:38-8.1[4]; Evans v. Atlantic City Board

of Education, 960 A.2d 768, 773 (N.J. Super. Ct. App. Div. 2008).  The Appellate Division

reasoned that the plain language of N.J. Stat. Ann. 18A:38-8.1, as well as its legislative history,

"reveal[] no doubt that the Legislature chose not to authorize a sending-district representative to

vote on the selection of the receiving district's solicitor."  Id. at 771.  The court was not

---

[4]N.J. Stat. Ann. 18A:38-8.1 provides that sending district representatives "shall be
eligible to vote on the following matters before the receiving district board of education:
a. Tuition to be charged the sending district by the receiving district and the bill lists or contracts
for the purchase, operation or maintenance of facilities, equipment and instructional materials to
be used in the education of the pupils of the sending district;
b. New capital construction to be utilized by sending district pupils;
c. Appointment, transfer or removal of teaching staff members providing services to pupils of the
sending district, including any teaching staff member who is a member of the receiving district's
central administrative staff; and
d. Addition or deletion of curricular and extracurricular programs involving pupils of the sending
district."

convinced by appellant's argument that a custom of allowing sending district representatives to

vote on more expansive issues than those enumerated should prevail over the plain language of

the statute.  Id. at 772.

Plaintiff has a legitimate claim of entitlement to the Board Attorney position sufficient to

withstand Defendants' motions.  Although he was nominated for the position, he did not win the

Board vote on his candidacy.  However, the Board vote was conducted contrary to the

requirements of the governing statute, as sending district representatives were allowed to

participate in the vote.  Plaintiff's legitimate claim of entitlement rests on the fact that a majority

of the Board members eligible to vote on his candidacy, pursuant to the statute, voted in his

favor.  Having identified a legitimate claim of entitlement to the Board Attorney position,

Plaintiff demonstrates that he has a property interest in the appointment that could form the basis

of a Fourteenth Amendment procedural due process claim alleged under 42 U.S.C. § 1983.  The

Board and its individual members acted under color of state law in conducting an official vote on

Plaintiff's candidacy for Board Attorney.  Accordingly, Plaintiff has stated a claim for a violation

of procedural due process pursuant to 42 U.S.C. § 1983 and Defendants' motions to dismiss and

cross-motion to dismiss those claims will be denied.

### 3.      Substantive Due Process

Plaintiff's failure to appoint claim rests on 42 U.S.C. § 1983, and is alleged as a violation

of substantive due process against the individual Defendants and the Board.  As above, Plaintiff

must show the violation of a right secured by the Constitution and laws of the United States, and

must show that the alleged deprivation was committed by a person acting under color of state

law.  Employment decisions are regarded as executive acts for purposes of substantive due

process claims.  Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 139 (3d. Cir. 2000).  To

state a claim for an executive, or non-legislative, substantive due process claim, "a plaintiff  must

establish as a threshold matter that he has a protected property interest to which the Fourteenth

Amendment's due process protection applies."  Id. at 139-40; citing Woodwind Estates, Ltd. v.

Gretkowski, 205 F.3d 118, 123 (3d Cir. 2000).  Although property interests created by state law

are protected by procedural due process rights, the class of interests protected by substantive due

process rights is far narrower.  Nicholas, 227 F.3d at 140.   Only "fundamental" interests created

by the Constitution are protected by substantive due process, and the Third Circuit has held that

contracted public employment is not accorded substantive due process.  Id. at 143.  Accordingly,

Plaintiff's claim that he was entitled to be appointed as Board Attorney is not a property interest

protected by substantive due process, and his substantive due process claims must be dismissed

for failure to state a claim upon which relief may be granted.

### 4.    Plaintiff's Count Four

In Count 4 of his Amended Complaint, Plaintiff contends that the Board as a whole

violated his rights protected by 42 U.S.C. § 1983.  Plaintiff does not, however, specifically note

the basis for this allegation; his failure to describe the constitutional basis of his claim amounts to

a failure to state a claim upon which relief may be granted.  West, 487 U.S. at 48.  Accordingly,

Plaintiff's claims against the Board in Count 4 will be dismissed.[5]

### 5.    Unlawful Interference Claim

Plaintiffs Amended Complaint adds a claim for "unlawful interference with contractual

---

[5]The dismissal of all claims in Count 4 has the effect of limiting Plaintiff's procedural
due process claims to those alleged in Count 1 of the Amended Complaint, against the individual
Defendants.

relations" as Count 3.  Defendants' cross-motion moves to dismiss Plaintiff's claim that

"Defendants did . . . maliciously and intentionally interfere with the plaintiff's reasonable and

legitimate expectation of contract and economic advantage, there by directing and proximately

resulting in the plaintiff's loss of that contract and its benefits . . . ."

It is well-established in New Jersey that "a cause of action for tortious interference with

contract cannot be directed against a defendant who is a party to the contract." See, e.g., Emerson

Radio Corp. v. Orion Sales, Inc., 253 F.3d 159, 173 (3d Cir. 2001) (citing Printing

Mart-Morristown v. Sharp Elecs. Corp., 563 A.2d 31, 37-38 (N.J. 1989)).

The Court finds that Defendants, as parties to the potential contract with Plaintiff, could

not have interfered with the performance of the contract.  Therefore, the Court grants

Defendants' cross-motion to dismiss Count 3 of Plaintiff's Amended Complaint.

### 6.      Legislative Immunity

Defendants are not entitled to legislative immunity for the vote on Plaintiff's appointment

to Board Attorney.  Although Defendants may be liable under 42 U.S.C. § 1983 for deprivations

of Plaintiff's procedural due process, federal state and local legislators are entitled to absolute

immunity from liability under 42 U.S.C. § 1983 for their legislative activities.  Bogan v. Scott-

Harris, 523 U.S. 44, 49 (1998).  At the municipal level, absolute legislative immunity attaches to

actions that are both (1) substantively legislative, involving "policy-making of a general purpose"

or "line-drawing"; and (2) procedurally legislative, meaning they are "passed by means of

established legislative procedures." Carver v. Foerster, 102 F.3d 96, 100 (3d Cir. 1996).

In determining whether an act is substantively legislative, the Third Circuit has looked to

the number of affected individuals as a guide.  E.g., Fowler-Nash v. Democratic Caucus of the

Pa. House of Representatives, 469 F.3d 328 (3d Cir. 2006); Ryan v. Burlington County, N.J., 889

F.2d 1286 (3d Cir. 1989); Gallas v. Sup.Ct. of Pa., 211 F.3d 760 (3d Cir. 2000).  While not

dispositive, decisions that impact only a single or small number of individuals tend to be

administrative, whereas those that affect a larger number of people or the community as a whole

are likely legislative.  See Ryan, 889 F.2d at 1290-91 (holding that decisions by county board of

freeholders regarding jail staff and inmates were not substantively legislative because decisions

did not affect community as a whole and legislative line-drawing was not implicated); Gallas,

211 F.3d at 774 n. 14 (stating that a legislative body passing a de jure law affecting only one

person might still be entitled to legislative immunity).

To satisfy the procedural prong, "constitutionally accepted procedures of enacting the

legislation must be followed in order to assure that the act is a legitimate, reasoned decision

representing the will of the people which the governing body has been chosen to serve."  Ryan,

889 F.2d at 1291.  The court in Ryan continued, "When the decision of a governing body has

impact on the community as a whole, the proper procedures for legislating must be followed or

that governing body . . . risks running afoul of constitutionally mandated due process rights."  Id.

"Since municipal corporations have been delegated legislative authority only within strictly

defined statutory limits, they can only act legislatively when following the statutory procedures

specified for such action."  Abraham v. Pekarski, 728 F.2d 167, 175 (3d Cir. 1984).

In Bogan, the Supreme Court held that city officials were immune from liability under §

1983 for voting to eliminate the city's Department of Health and Human Services ("DHHS") of

which the plaintiff was the sole employee.  523 U.S. at 47.  There, the plaintiff had alleged that

the decision was racially motivated and made in retaliation for the plaintiff exercising her First

Amendment rights.  Id.  The decision-making process in Bogan included the mayor's proposal to cut DHHS as part of his proposed budget, the city council ordinance committee's approval of an ordinance terminating DHHS, a vote by the full city council to approve the ordinance, and the mayor signing the ordinance into law.  Id.  In assessing whether such actions were legislative, the Court did not consider the defendants' alleged motives but looked strictly at the nature of these acts, deeming them "quintessentially legislative" in procedure.  Id.  The Court did not find the need to delve into the substance of the actions since, procedurally, the ordinance "bore all the hallmarks of traditional legislation."  Id.

While the vote by the Board on whether to appoint Plaintiff to be Board Attorney may have been legislative in substance, the Board's failure to adhere to mandatory legislative procedures in carrying out the vote means it was not an immunized legislative act.  Defendants have failed to show that the Board's actions were procedurally legislative.  As discussed supra, the New Jersey Superior Court, Appellate Division, has made clear that New Jersey law does not allow sending district representatives to vote on the appointment of a Board Attorney.  See N.J. Stat. Ann. 18A:38-8.1; Evans, 960 A.2d at 773.  N.J. Stat. Ann. 18A:38-8.1 provides that sending district representatives  are eligible to vote on only some matters before the Board, not including the appointment of Board Attorney.  The Appellate Division reasoned, with respect to the prior actions of Boards of Education, that "to the extent receiving districts may have permitted in the past or may currently permit voting in areas not covered by [the statute], they have acted beyond the parameters established by the Legislature."  Evans, 960 A.2d at 772.  There being no question that the Board's vote was not procedurally legislative, Defendants are not entitled to legislative immunity.

## IV.   CONCLUSION

The only claims that remain are those in Count 1 of Plaintiff's Amended Complaint.

For the foregoing reasons, the Plaintiff's motion to amend will be GRANTED;

Defendants' motions to dismiss will be GRANTED in part and DENIED in part; and

Defendants' cross-motion to dismiss will be GRANTED in part and DENIED in part.  The

accompanying Order shall issue today.


Dated:___2-27-09_____                          __/s/ Robert B. Kugler_____
                                                    ROBERT B. KUGLER
                                                    United States District Judge