NOT FOR PUBLICATION (Docket No. 56)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DANIEL GALLAGHER, | |
| Plaintiff, | Civil No. 08-3262 (RBK/JS) |
| v. | **OPINION** |
| ATLANTIC CITY BOARD OF EDUCATION, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter arises out of Plaintiff Daniel Gallagher's failed appointment as the solicitor for the Atlantic City Board of Education. Pending before the Court is the Motion for Summary Judgment (Docket No. 56) by Defendants Atlantic City Board of Education, the Brigantine Representative, the Ventnor Representative, the Margate Representative, Christopher Storcella, Daniel Campbell, Theresa Kelly, Thomas Gabriel, and Joan Glick. Because the Court finds that Plaintiff had no legitimate claim of entitlement to the solicitor position due to an unwaivable conflict of interest, the Motion is granted.

**I.     BACKGROUND**

This is the third time that this matter is before the Court on a dispositive motion. See Gallagher v. Atlantic City Bd. of Educ., No. 08-3262, 2009 WL 530952 (D.N.J. Feb. 27, 2009); Gallagher v. Atlantic City Bd. of Educ., No. 08-3262, slip op. (D.N.J. Nov. 16, 2009). Thus, the

facts below are limited to those necessary to the disposition of the present Motion; a full recounting of the case can be found in either of the two prior Opinions.

On May 26, 2006, the Atlantic City Board of Education (the Board) convened to conduct its annual reorganization meeting and to vote for, *inter alia*, the selection of Board solicitor. One of the candidates for solicitor was Plaintiff Daniel Gallagher, a licensed New Jersey attorney. Just two days prior to the May 26th meeting, Plaintiff filed a lawsuit on behalf of Scott Evans (a member of the Board) before the Commissioner of Education of New Jersey. Mr. Evans challenged the right of sending district Board members to vote for Board solicitor. At least in the initial Verified Petition, the only named respondent was the Board. Tellingly for purposes of the present motion, the cover letter to the Verified Petition stated that Mr. Evans sought relief "*against* the Atlantic City Board of Education." Def. br., Ex. B at 1 (emphasis added).

During the May 26th meeting, all members of the Board were permitted to vote on Plaintiff's nomination for solicitor, despite Mr. Evans's objections. Plaintiff failed to receive a majority of the votes cast and his nomination failed. Thereafter, Plaintiff was never again nominated for the position of Board solicitor at subsequent meetings, though he maintains his further nomination was purposely blocked.

Meanwhile, Plaintiff remained as Mr. Evans's counsel of record in the action before the Commissioner of Education until June 23, 2006.

## II.     STANDARD

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996). The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2). "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

**III.   DISCUSSION**

The only issue before the Court is whether Plaintiff was denied procedural due process. As has been previously stated in this dispute, a plaintiff alleging a violation of procedural due process must first show that he was deprived of a life, liberty, or property interest protected by the Fourteenth Amendment. Mathews v. Eldridge, 424 U.S. 319, 332 (1976); U.S. Const. amend. XIV. To have a property interest protected by procedural due process, the plaintiff "must have more than an abstract need or desire for [the benefit]. He must have more than a unilateral

3

expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). Property interests are generally determined and defined by state law. Id.; Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005).

The claimed property interest here is the position of Board solicitor. Sec. Amd. Compl. at ¶ 40. Both sides seemingly agree that if Plaintiff would have been barred from holding the position by the New Jersey Rules of Professional Conduct, then he was not denied procedural due process.[1] See Def. br. at 17 ("The fact that Plaintiff would be unable to serve means that Plaintiff did not personally have, and lose, a property interest through his loss of the election, even if the vote was improper."); see generally Pl. br. at 8-12 (arguing that no conflict existed, but not arguing that any potential conflict is irrelevant to the procedural due process analysis). The Court is thus squarely called on to answer the following question: If Plaintiff's nomination had succeeded, would an unwaivable conflict of interest have barred his representation of the Board?[2] In other words, did Plaintiff have a *legitimate* expectation of entitlement to the Board solicitor position?

To answer these questions, the analysis must turn to the relevant New Jersey Rules of Professional Conduct (R.P.C.). Under R.P.C. 1.7(a)(1), a lawyer "shall not represent" a client if the representation of one client will be directly adverse to another. In that situation, a concurrent conflict of interest exists. Id. A public entity cannot consent to concurrent conflict. R.P.C.

---

[1] Though Defendants also argue, separate from the conflict issue, that Plaintiff otherwise had no entitlement to the position of Board solicitor. See Def. br. at 15 n.4.

[2] Defendants also argue that Plaintiff's claim is barred through the doctrine of waiver. See Def. br. at 17. However, since the Court otherwise finds that Plaintiff was not denied procedural due process, analysis of the waiver issue is unnecessary.

1.7(b)(1).

R.P.C. 1.7 essentially prohibits an attorney from taking a position that is "'adverse to another client's interests.'" In re Kittrels, No. A-6497-05T3, 2007 WL 92400, at *2 (N.J. Super. Ct. App. Div. Dec. 29, 2006) (quoting State ex rel. S.G., 175 N.J. 132, 138 (2003)); see also Model Rules of Prof'l Conduct R. 1.7 cmt. 6 ("[A] lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated."). The policy supporting R.P.C. 1.7 is "the fundamental understanding that an attorney will give complete and undivided loyalty to the client [and] should be able to advise the client in such a way as to protect the client's interests, utilizing his professional training, ability and judgment to the utmost." J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 894 A.2d 681, 685 (N.J. Super. Ct. App. Div. 2006) (quotations removed).

Where a conflicts analysis involves a public entity, both R.P.C. 1.7 and R.P.C. 1.8 are invoked. See In re Supreme Court Advisory Comm. on Prof'l Ethics Op. No. 697, 911 A.2d 51, 60 (N.J. 2006). R.P.C. 1.8(k) prohibits a lawyer employed by a public entity from undertaking representation of another client "if the representation presents a substantial risk that the lawyer's responsibilities to the public entity would limit the lawyer's ability to provide independent advice or diligent and competent representation to either the public entity or the client." However, R.P.C. 1.8 is invoked only where R.P.C. 1.7 is not initially violated. Cf. In re Supreme Court, 911 A.2d at 60 ("Because we do not agree that the inquiries presented constitute a conflict of interest prohibited by R.P.C. 1.7, more was required.").

Defendants argue that Plaintiff would have had a concurrent conflict of interest because his position on behalf of Mr. Evans before the Commissioner of Education was directly adverse

5

to the Board. Def. br. at 13. While it is undisputed that Plaintiff did in fact represent Mr. Evans and that the Board was the named defendant in the Verified Petition, Plaintiff argues that his position was not directly adverse to the Board as a whole, but only to the sending districts. See Pl. br. at 9. He argues that he never took an adverse position, and argues that he in fact was "an advocate for [the Board]" because he sought to ensure that it complied with existing law. See Pl. br. at 10. Plaintiff's position is disingenuous.

There is no doubt here that on one hand Plaintiff sought to advocate against the Board, and on the other he sought to represent it. Even though Plaintiff maintains that his suit was against some subset of the Board, that position is untenable. Plaintiff essentially asks the Court to believe that an attorney can sue the body of a person, but not the head. He believes that telling part of a public entity how to act is somehow different from telling the whole entity how to act. The Court does not share that belief. Plaintiff's advocacy against the Board and subsequent attempt to join it is a prohibited concurrent conflict. Cf. In re Kittrels, 2007 WL 92400, at *2-3 (holding firm's representation of school board and superintendent in wrongful discharge suit prohibited firm's representation of board in superintendent's tenure dispute).

Moreover, Plaintiff's own attached certifications opposing the present Motion seem to belie his part-and-not-the-whole position in that they show that the Board – as a whole – opposed Plaintiff's suit on behalf of Mr. Evans. For example, the Scott Evans Certification states: "After three months with the Board still statemated on the issue of solicitor, John Comegno was selected as interim solicitor. Immediately after his selection, *Comegno began to advocate for the rights of the sending districts in the matter pending before the Administrative Law Judge*." See Pl. br., Ex. C at ¶ 18 (emphasis added); accord Pl. br., Ex. D at ¶ 18 (Pamela Jones Certification);

Pl. br., Ex. E at ¶ 18 (Rochelle Salwy Certification).  This emphasized language seems to suggest that when the Board took its position in the administrative proceeding, it took one contrary to Mr. Evans's.  The Board, through its duly selected solicitor, took the position that all members could vote for solicitor.  While Plaintiff clearly opposed that position, and while the position was ultimately incorrect, see Evans v. Atlantic City Bd. of Educ., 960 A.2d 768 (N.J. Super. Ct. App. Div. 2008), it was the Board's position.  Thus, Plaintiff cannot now be heard to argue that he did not undertake representation directly adverse to the Board when the undisputed facts show that he directly opposed it.  Thus, Plaintiff could not have accepted the Board solicitor position because it would have created an unwaivable conflict of interest with a public entity.[3]

Therefore, the Court must grant Defendants' Motion for Summary Judgment because Plaintiff did not have a legitimate expectation of entitlement to the Board solicitor position.

## IV.   CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment by Defendants Atlantic City Board of Education, the Brigantine Representative, the Ventnor Representative, the Margate Representative, Christopher Storcella, Daniel Campbell, Theresa Kelly, Thomas Gabriel, and Joan Glick is **GRANTED**.


Date:  2/17/10                                                         /s/ Robert B. Kugler
                                                                                   ROBERT B. KUGLER
                                                                                    United States District Judge

---

[3] Because the Court finds a concurrent conflict under RPC 1.7, no analysis of RPC 1.8(k) is necessary.